### 36075. PACE CONSTRUCTION CORPORATION et al. v. HOUDAILLE-DUVAL-WRIGHT DIVISION, HOUDAILLE INDUSTRIES, INC.

JORDAN, Presiding Justice.

Houdaille, Ind., Inc., appellee, sued Pace Construction Corp., appellant, seeking damages for the latter's breach of a subcontract. The appellant answered and raised the affirmative defense that the subcontract contained an arbitration clause which barred the appellee from pursuing the present lawsuit. In conjunction with this pleading, the appellant prayed for an order "staying discovery and all other judicial proceedings in the instant action until such time as all subcontract claims existing between [the appellant and the 'appellee] have been submitted to and resolved by arbitration in accordance with relevant contractual provisions and applicable rules of law."

The trial court denied the appellant's prayer for a stay and the appellant appealed to the Court of Appeals which then transferred the appeal to this court.

The appellant argues that for purposes of the right of appeal under Code Ann. § 6-701(a)(3), an order denying a motion for a stay of judicial proceedings pending arbitration is equivalent to an order denying an application for an interlocutory injunction, and that therefore the present appeal is properly before this court by virtue of its appellate jurisdiction "in all equity cases."

Code Ann. § 2-3104.

We conclude, however, that even if for purposes of the right of appeal, a stay pending arbitration is legally equivalent to an interlocutory injunction, the present appeal would not constitute an "equity case" so as to vest this court with appellate jurisdiction.

The issue of the stay is ancillary to the issue of the enforceability of the subcontract's arbitration clause, i.e., if the arbitration clause is enforceable, the stay will issue; if it is not enforceable, the stay will not issue. Further, the enforceability issue is a legal issue over which the Court of Appeals has appellate jurisdiction.

Since the dispositive substantive issue in the present appeal is a legal issue over which the Court of Appeals has appellate jurisdiction, said appeal is properly transferred to the Court of Appeals. *Baranan v. Ga. State Bd. of Nursing Home Administrators,* 239 Ga. 122, 123 (236 SE2d 71) (1977).

We do not decide whether, for purposes of the right of appeal, a stay of judicial proceedings pending arbitration is equivalent to an order denying an application for interlocutory injunction. As we have noted herein, the Georgia Constitution has bestowed appellate jurisdiction to decide this issue, along with any other issue which may properly arise under the record, in the Court of Appeals. See *Bell v. Bell,* 193 Ga. 291 (18 SE2d 473) (1942).

*Transferred to the Court of Appeals. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED APRIL 14, 1980 — DECIDED APRIL 23, 1980.

*Smith, Currie & Hancock, Robert O. Fleming, Jr., Kent P. Smith,* for appellants.

*Morton, Humphries, Payne & Rachelson, John P. MacNaughton, Ira L. Rachelson, Elizabeth W. Camp,* for appellee.