## 60365. PACE CONSTRUCTION CORPORATION et al v. HOUDAILLE-DUVAL-WRIGHT DIVISION, HOUDAILLE INDUSTRIES, INC.

BANKE, Judge.

This is a suit by the appellee subcontractor to recover for labor and materials furnished in connection with a construction project. The appellants are the general contractor and the two sureties on the latter's performance bond. They contend that the subcontract contained a mandatory arbitration clause and accordingly moved below for an order "staying discovery and all other judicial proceedings in the instant action until such time as all subcontract claims existing between [the parties] have been submitted to and resolved by arbitration in accordance with relevant contractual provisions and applicable rule of law." They appeal the trial court's order denying this motion, contending that it amounts to the denial of an interlocutory injunction and is therefore appealable as a matter of right under Code Ann. § 6-701 (a) 3.

In view of the appellants' contention that the denial of the stay amounts to the denial of an injunction, this court transferred the case to the Supreme Court for consideration under its equity jurisdiction. The Supreme Court sent the case back, holding that the issue is ancillary to the issue of the enforceability of the contract's arbitration clause and thus that the "dispositive substantive issue" in the case is a legal one rather than an equitable one. The Supreme Court expressly declined to decide "whether, for purposes of the right of appeal, a stay of judicial proceedings pending arbitration is equivalent to an order denying an application for interlocutory injunction," ruling instead that this is an issue for the Court of Appeals to decide. *Pace Const. Corp. v. Houdaille-Duval-Wright Div. &c., Inc.,* 245 Ga. 696 (266 SE2d 504) (1980). Contending that injunctive relief is not involved, the appellee has moved to dismiss the appeal. *Held:*

1. The motion to dismiss is denied. The motion to stay the court proceedings pending arbitration was made pursuant to 9 USC § 3,

which requires the issuance of such a stay whenever the court is "satisfied" that the issue involved in such suit or proceeding is referable to arbitration" under the terms of the contract. See generally *West Point-Pepperell v. Multi-Line Indus.,* 231 Ga. 329, 331 (201 SE2d 452) (1973); *Paine, Webber, Jackson & Curtis, Inc. v. McNeal,* 143 Ga. App. 579 (1) (239 SE2d 401) (1977). The federal courts have ruled that the grant or denial of an application for a stay made pursuant to 9 USC § 3 is equivalent to the grant or denial of an interlocutory injunction for purposes of establishing a right of appeal. See, e.g., Shanferoke Coal & Supply Corp. v. Westchester Svc. Corp., 293 U. S. 449 (55 SC 313, 79 LE 583) (1935); Cobb v. Lewis, 488 F2d 41 (5th Cir. 1974); C. Itoh & Co. (America), Inc. v. Jordan International Co., 552 F2d 1228 (7th Cir., 1977). While these decisions do not, of course, control our decision on whether the appellants are entitled to appeal the denial of a stay to this court as a matter of right, they are extremely persuasive in the absence of Georgia authority on the issue. Thus, we hold that the denial of the stay was equivalent to the denial of an interlocutory injunction and that the appellants were therefore entitled to appeal from it pursuant to Code Ann. § 6-701 (a) 3.

2. The trial court was correct in denying the stay. The subcontract between the parties contains no provision requiring arbitration. The only language in the contract which refers at all to arbitration is the following language from Paragraph 28: "Contractor and Subcontractor agree that, in the matter of arbitration, their rights and obligations and all procedures shall be analogous to those set forth in the Contract Documents . . ." The "Contract Documents" referred to are evidently those making up the general contract between the appellant contractor and the owner of the development. However, nowhere in the subcontract between the parties to this case are those documents described, nor is there any reference in the subcontract by which they may be identified. The printed form on which the subcontract was typed originally contained such a reference; however, that language was expressly deleted from the form at the time the parties signed it. The only "key" by which the "Contract Documents" referred to in paragraph 28 could have been identified was thereby removed. See generally *Burden v. Thomas,* 104 Ga. App. 300 (121 SE2d 684) (1961). Compare *Binswanger Glass Co. v. Beers Const. Co.,* 141 Ga. App. 715 (234 SE2d 363) (1977).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 3, 1980 — DECIDED OCTOBER 1, 1980 —

Robert O. Fleming, Jr., Kent P. Smith, for appellants.
John P. MacNaughton, Ira L. Rachelson, for appellee.