## 36913. PACE CONSTRUCTION CORPORATION et al. v. HOUDAILLE-DUVAL-WRIGHT DIVISION, HOUDAILLE INDUSTRIES, INC.

MARSHALL, Justice.

This case involves an arbitration clause in a subcontract between a general contractor and a subcontractor, which clause provides that the rights and obligations and all procedures in the matter of arbitration shall be analogous to those set forth in the "Contract Documents." The Court of Appeals held that this arbitration clause is unenforceable, because "nowhere in the subcontract between the parties to this case are those documents described, nor is there any reference in the subcontract by which they may be identified." *Pace Const. Corp. v. Houdaille-Duval-Wright Div. &c. Inc.,* 155 Ga. App. 923, 924 (274 SE2d 44) (1980). We do not agree that the arbitration clause is unenforceable for this reason. We therefore reverse.

The general contractor, who is the party seeking enforcement of

the arbitration clause here, argues that the term "Contract Documents" means those documents forming the contract between the general contractor and the owner of the construction project, and that this is a common and well understood meaning of this term throughout the construction industry. If, as argued by the general contractor, the term "Contract Documents" is understood in the construction industry as meaning those documents forming the contract between the general contractor and the owner of the construction project, this may be proved by parol evidence. "Words generally bear their usual and common signification; but technical words, or words of art, or used in a particular trade or business, will be construed, generally, to be used in reference to this peculiar meaning . . ." Code Ann. § 20-704 (2) (Ga. L. 1964, pp. 414, 415); *Dwyer v. Providence Washington Ins. Co.,* 95 Ga. App. 672, 675 (98 SE2d 592) (1957). "Ambiguities in terms used in written contracts, and their meanings as understood in the trade and by the contracting parties, may be explained by parol proof of this trade usage and custom." *Harris & Co. v. Vallee & Co.,* 29 Ga. App. 769 (4) (116 SE 642) (1923). Parol evidence is admissible to explain the meaning of technical terms employed in written contracts. *Cannon v. Hunt,* 116 Ga. 452 (1) (42 SE 734) (1902).

*Judgment reversed. All the Justices concur, except Smith, J., disqualified.*

DECIDED FEBRUARY 11, 1981 —
REHEARINGS DENIED MARCH 3 AND MARCH 24, 1981.

*Robert O. Fleming, Jr.,* for appellants.
*John P. MacNaughton,* for appellee.

ON MOTION FOR REHEARING.

ADDENDUM.

The appellee has filed a motion for rehearing in this case, admitting that the term "Contract Documents" means the contract between the general contractor and the owner of the construction project. However, the appellee argues that the "Contract Documents" have not been incorporated into the subcontract here, because the appellee deleted from the subcontract proposed Paragraph 1, which would have incorporated into this subcontract all of the provisions of the contract between the owner and general contractor. In addition, the appellee points out that it also deleted proposed Paragraph 6, which provided that the subcontractor would

be bound by all of the terms of the contract between the owner and general contractor.

In rendering our decision in this case, we did not overlook the fact that Paragraphs 1 and 6 were deleted from the subcontract. However, in our opinion, the only logical conclusion to draw from the deletion of Paragraphs 1 and 6, and the insertion of Paragraph 28 (the arbitration clause), is that although all of the terms of the contract between the owner and general contractor are not to be incorporated into this subcontract — thereby binding the subcontractor to all of those terms — the rights, obligations, and procedures in the matter of arbitration are, nonetheless, analogous to those set forth in the "Contract Documents."

As we read the Court of Appeals' opinion, the Court of Appeals held the arbitration clause in this subcontract to be unenforceable, because the parties removed the key through which to identify the "Contract Documents" by deleting the previously referred-to paragraphs from the subcontract. This is what prompted our ruling that the subcontract need not contain a key through which to identify the term "Contract Documents," since the meaning of this term can be provided by parol evidence. We adhere to that ruling, and we reject the construction of the subcontract being urged by the appellee.

*Motion for rehearing denied. All the Justices concur, except Smith, J., disqualified.*