63544, 63545. TASCO INDUSTRIES, INC. v. FIBERS & FABRICS OF GEORGIA; and vice versa.

QUILLIAN, Chief Judge.

Direct appeal is taken in this case from an order denying a motion for a stay to conduct arbitration. Such orders are not appealable except under the interlocutory appeal provisions of Code Ann. § 6-701 (Ga. L. 1965, p. 18 through 1979, p. 619). *Atlanta News Agency, Inc. v. MacConochie Const. Co.,* 160 Ga. App. 306 (287 SE2d 314). Therefore the appeal and cross appeal must be dismissed. That portion of *Pace Const. Corp. v. Houdaille Indus. Inc.,* 155 Ga. App. 923 (1) (274 SE2d 44), holding that the denial of such motions is directly appealable, is overruled.

*Appeal dismissed. Deen, P. J., McMurray, P. J., Shulman, P. J., Birdsong, Carley, Sognier and Pope, JJ., concur. Banke, J., dissents.*

DECIDED JUNE 16, 1982.

*J. Michael Jordan,* for appellant.
*E. Freeman Leverett,* for appellee.

BANKE, Judge, dissenting.

I dissent for two reasons. In the first place, our holding in *Pace Const. Corp. v. Houdaille Indus. Inc.,* 155 Ga. App. 923 (1) (274 SE2d 44) (1980) has been tacitly affirmed by the Supreme Court. We

originally transferred the case there for consideration under its equity jurisdiction, and the Supreme Court transferred it back to us, holding that "even if for purposes of the right of appeal, a stay pending arbitration is legally equivalent to an interlocutory injunction, the present appeal would not constitute an 'equity case' so as to vest this court with appellate jurisdiction." *Pace Const. Corp. v. Houdaille Indus. Inc.,* 245 Ga. 696, 697 (266 SE2d 504) (1980). We proceeded to resolve the jurisdictional issue and concluded from an examination of federal authorities that where a motion for stay is filed pursuant to 9 USCA § 3, its denial is equivalent to the denial of an interlocutory injunction for purposes of appeal. Addressing the merits of the case, we then affirmed the denial of the appellee's motion for stay, based on a determination that the contract between the parties did not require arbitration. On certiorari, the Supreme Court reversed this construction of the contract. *Pace Const. Co. v. Houdaille Indust. Inc.,* 247 Ga. 367 (276 SE2d 568) (1981). By thus ruling on the merits, the court necessarily implied that jurisdiction existed to entertain the appeal. See generally *Stephenson v. Futch,* 213 Ga. 247 (1) (98 SE2d 374) (1957); *Miller v. Miller,* 214 Ga. 606 (106 SE2d 284) (1958). Accord, *Flowers v. State,* 155 Ga. App. 256 (270 SE2d 695) (1980).

My second reason for dissenting is that where, as in the case before us now, the provisions of the Federal Arbitration Act are invoked, we have an obligation to honor the strong federal policy in favor of arbitration. See *West Point-Pepperell, Inc. v. Multi-Line Ind., Inc.,* 231 Ga. 329 (201 SE2d 452) (1973); *Paine, Webber, Jackson & Curtis, Inc. v. McNeal,* 143 Ga. App. 579 (1) (239 SE2d 401) (1977). A party who moves for a stay of proceedings pending arbitration pursuant to 9 USCA § 3 may lose his rights under the arbitration agreement altogether if, upon the denial of the motion, he is not afforded the right of direct appeal. Cf. Shanferoke Corp. v. Westchester Svc. Corp., 293 U. S. 449, 453 (55 SC 313, 79 LE 583) (1935).