## 39029. PHILLIPS CONSTRUCTION COMPANY et al. v. COWART IRON WORKS, INC. et al.

HILL, Chief Justice.

Phillips Construction Company (general contractor) contracted with the owner, Donald Golden (owner), for the construction of a shopping center. Cowart Iron Works, Inc., and Rembrant, Inc. (subcontractors), subcontracted with the general contractor for portions of the work on the project. The subcontractors, in separate suits, sued the general contractor and its surety, American Insurance Company, for breach of contract and sought to impose a lien on the project site to recover the contract fee. The owner intervened as a defendant in the Cowart case and was a named defendant in the Rembrant case. The owner filed cross claims against the general contractor and its surety for indemnification and filed counterclaims against Cowart alleging negligence and claiming rights as a third-party beneficiary of the subcontract between Cowart and the general contractor.

The general contractor and its surety moved to dismiss the complaints or, alternatively, to stay judicial proceedings pending arbitration. The general contractor's agreement with the owner and its contracts with the subcontractors each contained provisions for arbitration. While reserving its right to enforce the arbitration provisions, the general contractor responded to the allegations in the complaint. The trial court denied the general contractor's motion to stay judicial proceedings finding that, in view of a contractual prohibition on the filing of liens, the general contractor had waived its contractual right to arbitration by filing a claim of lien.

The general contractor and its surety sought to appeal directly to the Court of Appeals under the authority of *Pace Constr. Corp. v. Houdaille Indus., Inc.,* 155 Ga. App. 923 (274 SE2d 44) (1980).[1] Relying on *Pace,* they did not seek a certificate from the trial court and apply to appeal the interlocutory order. See OCGA § 5-6-34 (b) (Code Ann. § 6-701). After the trial court entered its order denying the stay of judicial proceedings but before this case was decided on appeal, the Court of Appeals overruled that portion of *Pace* which held that an order refusing to stay judicial proceedings is like the denial of an injunction and is thus directly appealable. *Tasco Indus. v. Fibers & Fabrics,* 162 Ga. App. 593 (292 SE2d 439) (1982). We granted certiorari to determine whether the denial of a motion to stay

---

[1] The law firm which represented Pace Constr. Corp. represents the general contractor in this case.

judicial proceedings pending the conduct of arbitration required by contract is the legal equivalent of the denial of an interlocutory injunction for purposes of appeal under OCGA § 5-6-34 (a) (4) (Code Ann. § 6-701).[2]

The General Assembly has enacted an Arbitration Code for Construction Contracts, OCGA § 9-9-80 (Code Ann. § 7-301), and has provided that the courts may compel arbitration, OCGA § 9-9-86 (a) (Code Ann. § 7-307), thereby demonstrating the General Assembly's approval of arbitration of construction contracts. Because arbitration provisions are common in such contracts, the judiciary will be confronted with this problem more frequently.

A trial judge's decision on a motion to stay judicial proceedings pending arbitration is a decision with significant consequences. If the stay of judicial proceedings is incorrectly denied, the parties must proceed with a trial and a jury verdict which will be overturned on appeal because the parties should have had their dispute decided by arbitration. The parties must then go to the expense of having a new determination made by arbitration. This procedure not only wastes the parties' time and money but is an unnecessary burden on an already overworked judiciary. A similar untoward result obtains where judicial proceedings are incorrectly stayed initially. The parties must proceed to arbitration, appeal following arbitration, and then go to trial before a jury. These results and adverse consequences make it desirable to allow the parties to appeal the initial determination immediately.

In *Pace,* supra, the Court of Appeals adopted the federal rule. That rule permits an interlocutory appeal of the order staying judicial proceedings where the underlying action is at law. Shanferoke Coal & Supply Corp. v. Westchester Svc. Corp., 293 U. S. 449 (55 SC 313, 79 LE 583) (1935); Enelow v. New York Life Ins. Co., 293 U. S. 379 (55 SC 310, 79 LE 440) (1935). The rationale underlying that rule is that where the primary action is at law and the court stays, or refuses to stay, judicial proceedings, the court is using its equitable powers and its order is "like" an injunction. See Enelow, supra at 382-83. On the other hand, the court's order is not directly appealable where the primary action is in equity rather than at law. Baltimore Contractors, Inc. v. Bodinger, 348 U. S. 176 (75 SC 249, 99 LE 233) (1955). The distinction between actions at law and in equity is made because in an action in equity, in granting or denying the stay, the

---

[2] This question was left unanswered by this court in *Pace Constr. Corp. v. Houdaille Indus., Inc.,* 245 Ga. 696 (266 SE2d 504) (1980), and was not expressly addressed in *Pace Constr. Corp. v. Houdaille Indus., Inc.,* 247 Ga. 367 (276 SE2d 568) (1981).

equity court is merely controlling the proceedings before it rather than entering an order "like" an injunction. See generally Anno: Arbitration—Appealability of Stay Order, 11 ALR Fed 640, 644-645 (1972).

We decline to adopt the federal rule for three reasons. First, the historical distinction between courts of law and of equity has been eliminated in many areas. The separate functions served by the two courts are no longer necessary under our present system and we do not wish to preserve those archaic procedural distinctions unnecessarily. The Court in Baltimore Contractors v. Bodinger, supra, was critical of maintaining the distinction but left the matter to Congress.[3] Second, identification of an injunction is relatively simple at the present time. Adoption of a rule permitting appealability of an order because it is "like" an injunction will unnecessarily confuse the law.[4] Third, when the federal rule was devised in Shanferoke Coal & Supply v. Westchester Svc. Corp., and Enelow v. New York Life Ins. Co., supra, the federal district courts had no mechanism to certify interlocutory orders to the appellate courts. 28 USC § 1292 (b) was enacted in 1958. Pub. L. 85-919. We do have such a mechanism. See OCGA § 5-6-34 (b) (Code Ann. § 6-701), discussed below. We therefore hold that the denial of a motion to stay judicial proceedings pending arbitration is not "like" the denial of an injunction for purposes of appeal.

This rule does not work a hardship in Georgia because of our procedure which permits a trial court to certify an order for immediate appeal. OCGA § 5-6-34 (b) (Code Ann. § 6-701). Because of the unnecessary delay and expenses to the parties of an incorrect determination of whether judicial proceedings should be stayed pending arbitration, we recommend that the trial courts, except in the clearest cases, certify orders granting or denying such stays. Although our decision that orders granting or denying motions to stay judicial proceedings pending arbitration should be certified for interlocutory review except in the clearest cases runs counter to the principle that piecemeal appeals are to be avoided, we find that judicial economy favors interlocutory appeals in such cases.

In the case before us, the general contractor and its surety did

---

[3] The commentators are also critical of maintaining the distinction, 9 Moore's Federal Practice § 110.20 [3] at pp. 245-246; 4 Wright & Miller, Federal Practice & Procedure § 1045, at p. 157.

[4] For example, is an order overruling a motion for continuance in a case at law "like" an injunction because it compels the parties to proceed to trial? Is an order overruling a motion for protective order in a case at law "like" an injunction because it compels a party to give his or her deposition?

not seek a certificate of appealability from the trial court because *Pace Constr. Corp. v. Houdaille Indus., Inc.,* supra, was in effect. The timing of the Court of Appeals' decision overruling *Pace,* supra, and our determination in this case, have left the contractor and its surety without a means of appealing the trial court's order. In dismissing this appeal the Court of Appeals noted that the merits of the case are controlled by *Prince Faisal v. Batson-Cook Co.,* 161 Ga. App. 219 (291 SE2d 249) (1982). We do not here decide the correctness of that observation. However, in view of the timing of the decisions of the trial court and Court of Appeals in this case, we affirm the decision of the Court of Appeals and direct that court to vacate the trial court's orders denying the motions to stay judicial proceedings and remand this case to the trial court with authority to reenter its earlier orders and certify them for immediate appeal if the trial court sees fit to do so.

*Judgment affirmed with direction. All the Justices concur.*

DECIDED JANUARY 25, 1983.

*Glower W. Jones, Joseph C. Staak,* for appellants.
*William A. Trotter III, Stanley C. House, Stephen M. Phillips, Phillip O. Gossett,* for appellees.