42329. TAFT v. BURTTRAM et al.
42330. KILROY v. BURTTRAM et al.
(333 SE2d 585)

SMITH, Justice.

Appellants, William H. Taft and Kevin P. Kilroy, each sued ap-
pellees, H. Dyar Burttram, Jr., and Robert Rosenberg, officers of ap-
pellee Norris and Hirshberg, Inc., for malicious prosecution, libel,
abuse of process, slander, wrongful interference with an employment
relationship, and intentional infliction of emotional harm. Taft and
Kilroy appeal the trial court's grants of appellees' motions to stay the
lawsuits pending arbitration. The appeals have been consolidated. We
reverse.

Norris and Hirshberg, a securities brokerage business, hired Taft
and Kilroy as account executives in August 1983. Taft and Kilroy re-
signed in August 1984, to join a similar business. They allege that the
appellees altered their employment records to show that they were
terminated for cause, and that the appellees mailed libelous material
and related slanderous charges about them to various people involved
in the securities business.

In October 1984, after requesting the return of certain informa-
tion and records to Norris and Hirshberg, appellee Burttram swore
out warrants charging Taft and Kilroy with theft by taking. He con-
tended that they had stolen client lists, confirmation slips, and other
information regarding Norris and Hirshberg's clients when they left
Norris and Hirshberg to join the other business. Taft and Kilroy were
arrested on November 2, 1984.

On November 6, a Fulton County Magistrate dismissed the
charges for lack of probable cause. He stated that the controversy was
best suited for civil court. The appellees subsequently requested Taft
and Kilroy to submit the dispute to arbitration. Taft and Kilroy filed
the complaints initiating these lawsuits five days later, on December

12, 1984.

1. Taft and Kilroy contend that the trial court erred in staying their lawsuits pending arbitration.

Under the agreement that the appellants signed prior to their employment with Norris and Hirshberg, they "[agreed] to arbitrate any dispute, claim, or controversy" that the National Association of Securities Dealers [NASD] requires to be arbitrated. The NASD requires its members to arbitrate *"any dispute,* claim, or controversy arising out of or in connection with the business of any member of the Association . . ."' (Emphasis supplied.) As the appellees note, this procedure broadly encourages the members to arbitrate their disputes.

When the appellees failed to abide by this policy, in swearing out criminal warrants against the appellants "instead of seeking to arbitrate, this was the clearest kind of waiver on their part of an agreement to arbitrate."[1] *Morales Rivera v. Sea Land of Puerto Rico,* 418 F2d 725, 726 (1st Cir. 1969). Any other holding would be contrary to the clear federal policy of encouraging parties to resolve disputes through arbitration, rather than a resort to the courts. See *Sweater Bee By Banff, Ltd. v. Manhattan Indus.,* 754 F2d 457, 461 (2nd Cir. 1985), as the dispute involved in the criminal case and this case, and the parties involved in both cases for all practical purposes are identical.[2] The appellees, in choosing the forum of criminal law rather than arbitration in their first attempt to sort out their dispute with Taft and Kilroy, waived their right to compel arbitration. To put it simply, appellees cannot run with the hare and the hounds. Accordingly we find that the trial court should have denied appellees' motions for stay of these lawsuits pending arbitration.

2. Following the holding in Division 1, we need not reach appellants' remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1985.

*Hurt, Richardson, Garner, Todd & Cadenhead, Rex M. Lamb III, Henry D. Fellows, Jr.,* for appellants.

---

[1] Here, the party who initiated legal proceedings subsequently seeks arbitration, and the party who defended that action claims waiver by inconsistency. This distinguishes this case from waiver cases in which the party defending the initial action seeks arbitration belatedly and the party initiating the action claims waiver. See, e.g., *Sweater Bee,* infra.

[2] Compare *Amalgamated Local No. 55, etc. v. Metal & Alloy Div.,* 396 FSupp. 667 (W.D.N.Y. 1975).

*Rogers & Hardin, Robert M. Axelrod, Phillip S. McKinney,* for appellees.