A94A0881. BISHOP CONTRACTING COMPANY, INC.
v. CENTER BROTHERS, INC.
(445 SE2d 780)

BLACKBURN, Judge.

This case involves a dispute between a general contractor, Bishop Contracting Company, Inc., and its subcontractor, Center Brothers, Inc., regarding the amount owed by Bishop to Center Brothers under a construction contract. Center Brothers brought the underlying action against Bishop to collect on six extra work orders. The jury returned a verdict in favor of Center Brothers for $8,510.68 as contract damages and $13,530.82 as expenses of litigation. Bishop appeals asserting several enumerations of error.

1. In its first enumeration of error, Bishop contends the trial court erred in denying its motion to enforce the arbitration clause of the construction contract. We agree.

The construction contract was an American Institute of Architects' (AIA) standard form agreement between contractor and subcontractor, and was entered on February 3, 1988. The contract provided that Center Brothers would perform all work required by the contract documents for "drywall, ceilings, acoustical wall panels, demountable partitions, and plaster." The contract further established procedures for changes or increases in the work and payment for such changes. Specifically, the contract required that Center Brothers, "prior to the commencement of such changed or revised Work, shall submit promptly to the Contractor written copies of any claim for adjustment to the Contract Sum and Contract Time for such revised Work in a manner consistent with the Contract Documents."

Of particular relevance to our inquiry, the contract established that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration, which shall be conducted in the same manner and under the same procedures as provided in the Contract Documents with respect to disputes between the Owner and the Contractor, except that a decision by the Architect shall not be a condition

precedent to arbitration. If the contract documents do not provide for arbitration or fail to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. . . . The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

This contract is governed by former OCGA § 9-9-82 which provided "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit any controversy thereafter arising to arbitration is enforceable and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award." Former OCGA § 9-9-86 (a) provided that upon motion by an aggrieved party, the court shall compel arbitration of an issue upon its determination that the agreement to arbitrate was valid and that the claim was not barred by time limitations.

After the present action was filed in Cobb State Court, Bishop filed a motion to stay, pending arbitration. The court denied the motion and determined that Bishop failed to establish that it was an aggrieved party, that the controversy was governed by a valid agreement to arbitrate, and that arbitration was not barred by limitation of time. However, the court's determination was erroneous. Bishop was clearly an aggrieved party as Center Brothers was attempting to recover attorney fees in the litigation which were not available to it in arbitration as the construction contract did not provide for such. See *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561 (422 SE2d 918) (1992). Further, there can be no dispute that the subject matter of the litigation was governed by the AIA contract. The extra work orders reflected work on the ceilings at Sprayberry High School. Center Brothers had contracted to perform the ceiling work at Sprayberry High School in the AIA construction contract which contained the arbitration clause. The AIA contract provided for extra work or changes in the work required of the subcontractor. Finally, arbitration was not barred by any contractual time limitation. Georgia courts are required to uphold valid arbitration provisions in contracts, such as the one presented in the case sub judice. See *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 489 (299 SE2d 538) (1983); *Freeman v. C. W. Redfern Enterprises*, 182 Ga. App. 205, 207 (355 SE2d 79) (1987).

Center Brothers' contention that Bishop waived its right to appeal this issue by failing to bring a petition for interlocutory appeal is without merit. In *Phillips Constr. Co.*, supra, the Supreme Court determined that "[a] trial judge's decision on a motion to stay judicial proceedings pending arbitration is a decision with significant conse-

quences," (250 Ga. at 489) and it "recommend[ed] that the trial courts, except in the clearest cases, certify orders granting or denying such stays." Id. at 490. However, neither the Supreme Court nor this court has required parties to attempt an interlocutory appeal of such an order or risk waiving the issue. See id.

As the trial court erred in denying Bishop's motion to stay the litigation and enforce the arbitration clause, we must reverse the judgment and remand this case for an order compelling the parties to submit their dispute to arbitration.

2. Due to our holding in Division 1, we need not address Bishop's additional enumerations of error and Center Brothers' motion for damages for frivolous appeal is denied.

*Judgment reversed and remanded. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 14, 1994 —
RECONSIDERATION DENIED JULY 12, 1994 — 

*Varner, Stephens, Wingfield & Humphries, William W. Hopson, Dorothy H. Bishop*, for appellant.
*Tony Center*, for appellee.

