A07A0047. AMERICAN GENERAL FINANCIAL SERVICES
v. VEREEN et al.
A07A0048. VEREEN v. AMERICAN GENERAL FINANCIAL
SERVICES.
(639 SE2d 598)

BLACKBURN, Presiding Judge.

American General Financial Services (American General) filed this direct appeal (Case No. A07A0047) from the trial court's order denying its motion to compel arbitration as to the claims of Tommie Vereen, arguing initially that the order is appealable pursuant to OCGA § 5-6-34 (a) and that the court erred in finding that Tommie Vereen's claims were not subject to arbitration. Carl Vereen (Tommie Vereen's husband) filed a cross-appeal (Case No. A07A0048) from the trial court's same order, in which it granted American General's motion to compel arbitration as to his claims. For the reasons set forth below, we dismiss both appeals.

In December 2002, Carl Vereen entered into a loan agreement with American General. The loan was secured by a security deed to a two-acre parcel of improved land, upon which the Vereens' home was located. This two-acre parcel was a part of a larger nineteen-acre tract of land also owned by Carl Vereen. In October 2003, Carl Vereen conveyed the nineteen-acre tract of land to his wife, Tommie Vereen, via a warranty deed. Sometime during the spring of 2004, Carl Vereen suffered a serious work-related accident and, as a result, defaulted on the loan with American General.

In May 2004, American General sent both Carl and Tommie Vereen notices of its intent to foreclose upon the two-acre tract of land securing the loan agreement. Later that month, Carl Vereen filed for bankruptcy and included the indebtedness to American General as part of that bankruptcy proceeding. On that same day, American General re-recorded the deed to secure debt that Carl Vereen had executed to secure the loan; however, instead of the two-acre tract of land originally pledged as security, the re-recorded deed referenced a five-acre tract of land that previously had not been pledged as security. In fact, this five-acre tract had been conveyed to Tommie Vereen as part of the nineteen-acre tract deeded to her in 2003 by her husband and had never been designated to secure the American General loan. In August 2004, Carl Vereen received a discharge in bankruptcy, which he claimed included the loan agreement with American General.

One month later, in an apparent mistake, American General quitclaimed its interest in the two-acre tract back to Carl Vereen. Several months later, after realizing its mistake, American General filed a petition seeking the reformation of the re-recorded deed as well as a declaration voiding the quitclaim deed. The Vereens filed an answer and counterclaims, which included fraud and wrongful foreclosure among other tort allegations. Subsequently, American General filed a motion to compel both Carl and Tommie Vereen to arbitrate, arguing that pursuant to an arbitration clause contained in its loan agreement with Carl Vereen, all of the Vereens' claims were subject to arbitration governed by the Federal Arbitration Act (FAA).[1] The Vereens responded, and after a hearing, the trial court granted American General's motion as to Carl Vereen's claims but denied it as to Tommie Vereen's claims, finding that she could not be compelled to arbitrate because she was neither a signatory nor a third-party beneficiary of the loan agreement.

---

[1] 9 USC §§ 1-16.

The trial court certified its order for immediate review. Thereafter, American General filed both an interlocutory application pursuant to OCGA § 5-6-34 (b) and a direct appeal pursuant to OCGA § 5-6-34 (a). Carl Vereen cross-appealed, contesting this Court's jurisdiction over American General's direct appeal but also appealing the order forcing him to arbitrate, in the event jurisdiction existed. On August 7, 2006, we denied the application for interlocutory appeal. Our review thus focuses on the remaining direct and cross-appeal.

Prior to addressing the merits of these appeals, we must first determine if we have jurisdiction. American General contends that the trial court's order denying its motion to compel the arbitration of Tommie Vereen's claims is directly appealable pursuant to OCGA § 5-6-34 (a). Relying on our Supreme Court's decision in *In re Paul*,[2] which held that collateral orders are directly appealable, American General argues that an order denying a motion to compel arbitration is analogous to a collateral order and thus should also be directly appealable. This contention is without merit. Addressing this issue directly, rather than via analogy, this Court has held that prior to final judgment, orders denying a motion to stay proceedings and compel arbitration "are not appealable except under the interlocutory appeal provisions of [OCGA § 5-6-34 (b)]." *Tasco Indus. v. Fibers &c. of Ga.*[3] See *Phillips Constr. Co. v. Cowart Iron Works*;[4] *Choate Constr. Co. v. Ideal Elec. Contractors*.[5]

American General further contends that a direct appeal of the trial court's order denying its motion to compel arbitration is mandated by 9 USC § 16 (a) (1) (B) of the FAA, which provides that "[a]n appeal may be taken from an order denying a petition under section 4 of this title to order arbitration to proceed." As previously discussed, however, Georgia procedural law holds that prior to final judgment, an order denying a motion to compel arbitration is not directly appealable. *Tasco Indus.*, supra, 162 Ga. App. at 593; *Phillips Constr. Co.*, supra, 250 Ga. at 490. In light of this apparent conflict, whether we have jurisdiction over this appeal depends on whether the FAA preempts the Georgia procedural law.

Although the FAA contains no express preemption provision and does not reflect a congressional intent to occupy the entire field of arbitration, a "state law may nonetheless be pre-empted to the extent that it actually conflicts with [the FAA] — that is, to the extent that

---

[2] *In re Paul*, 270 Ga. 680, 682-683 (513 SE2d 219) (1999).

[3] *Tasco Indus. v. Fibers &c. of Ga.*, 162 Ga. App. 593 (292 SE2d 439) (1982).

[4] *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 490 (299 SE2d 538) (1983).

[5] *Choate Constr. Co. v. Ideal Elec. Contractors*, 246 Ga. App. 626 (1) (541 SE2d 435) (2000).

it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (Punctuation omitted.) *Volt Information Sciences v. Bd. of Trustees &c.*[6] However, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." Id. at 476. Thus, "procedural rules established by a state for the arbitration process that do not undermine the purposes and objectives of the FAA are not preempted." *Simmons Co. v. Deutsche Financial Svcs. Corp.*[7]

Applying these principles here, we find that the Georgia procedural law prohibiting direct appeal of an order denying a motion to compel arbitration does not undermine the purposes or objectives of the FAA to enforce arbitration agreements. See *Simmons Co.*, supra, 243 Ga. App. at 88-89 (1). Indeed, because our procedural law permits a trial court to certify such an order for immediate appeal pursuant to OCGA § 5-6-34 (b), parties, such as those here, are provided with an avenue for seeking appellate review that is not inconsistent with the objectives of the FAA to enforce legitimate arbitration agreements. See *Phillips Constr. Co.*, supra, 250 Ga. at 490. While the denial of an application for interlocutory appeal, as occurred here, may delay arbitration, such delay is not tantamount to the failure to enforce valid arbitration agreements contrary to congressional objectives. See *Simmons Co.*, supra, 243 Ga. App. at 89 (1).

Therefore, because the trial court's order denying American General's motion to compel arbitration is not directly appealable under our procedural law, and because this procedural law is not preempted by the FAA, we have no jurisdiction over this matter. Accordingly, American General's appeal (Case No. A07A0047) and Carl Vereen's cross-appeal (Case No. A07A0048) are hereby dismissed.

*Appeals dismissed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED NOVEMBER 30, 2006 — 

*Morris, Manning & Martin, Robert P. Alpert, Lewis E. Hassett,* for appellant.
*Welchel & Dunlap, Thomas M. Cole,* for appellees.

---

[6] *Volt Information Sciences v. Bd. of Trustees &c.*, 489 U. S. 468, 477 (109 SC 1248, 103 LE2d 488) (1989).
[7] *Simmons Co. v. Deutsche Financial Svcs. Corp.*, 243 Ga. App. 85, 88 (1) (532 SE2d 436) (2000).