S12G0463. AMERICAN GENERAL FINANCIAL SERVICES
v. JAPE.
(732 SE2d 746)

THOMPSON, Presiding Justice.

We granted certiorari in this appeal to determine whether 9 USC § 16 (a) (1) (B) of the Federal Arbitration Act, 9 USC § 1 et seq. (the "FAA"), which grants federal litigants the right to directly appeal a trial court's order refusing to compel arbitration, preempts OCGA § 5-6-34 (b), a statute which requires parties seeking to appeal from such an

order in state courts to follow interlocutory appeal procedures. Because we conclude § 5-6-34 (b) is a procedural statute not preempted by 9 USC § 16 (a) (1) (B), the Court of Appeals' order dismissing the direct appeal filed in this case is affirmed.

In September 2010, appellant American General filed an action against appellee Daniel Jape to recover monies he allegedly owed pursuant to a loan agreement between the parties. The agreement contains an arbitration provision authorizing either party to elect to resolve by binding arbitration claims and disputes arising thereunder. It further provides that the FAA applies to and governs the agreement.

Jape subsequently counterclaimed for breach of contract. Several months after the filing of the counterclaim, American General filed a motion under § 4 of the FAA to compel arbitration only of Jape's counterclaim. See 9 USC § 4 (authorizing parties to a written arbitration agreement to petition court of competent jurisdiction to compel arbitration). The trial court denied the motion to compel, finding that American General waived its right to compel arbitration by seeking judicial resolution of its arbitrable claim against Jape. See *Taft v. Burttram*, 254 Ga. 687, 688 (333 SE2d 585) (1985) (in choosing judicial forum rather than arbitration to sort out dispute, party waived right to compel arbitration); *American Car Rentals v. Walden Leasing*, 220 Ga. App. 314, 318 (469 SE2d 431) (1996) (party waived arbitration provision by taking actions inconsistent with arbitration clause). The trial court subsequently denied American General's motion for reconsideration and its request for a certificate of immediate review. See OCGA § 5-6-34 (b). American General filed a direct appeal in the Court of Appeals. The Court of Appeals determined it did not have jurisdiction because American General failed to follow the interlocutory appeal procedures found in OCGA § 5-6-34 (b) and dismissed the appeal. See *Langfitt v. Jackson*, 284 Ga. App. 628, 634 (1) (644 SE2d 460) (2007) (order denying motion to compel arbitration not appealable except under interlocutory appeal provisions of OCGA § 5-6-34 (b)). We granted American General's petition for certiorari.

1. As an initial matter, we must determine whether the FAA has any applicability to the parties' agreement to arbitrate. Section 2 of the FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 USC § 2. The FAA applies in state and federal courts to all contracts containing an arbitration clause that involves or affects interstate commerce. *Perry v. Thomas*, 482 U. S. 483, 489 (107 SC 2520, 96 LE2d 426) (1987). The contract between American General and Jape specifically states that the FAA applies to and governs their agreement to arbitrate and the parties do

not dispute that the financial contract involves or affects interstate commerce. Accordingly, we conclude the FAA applies to the enforcement of the arbitration agreement at issue. The fact that the parties may have agreed to additional procedural rules not found in the FAA in the event they were required to arbitrate does not render the FAA inapplicable.

2. Having determined that the FAA is generally applicable to the contract between the parties, we turn to the issue of whether American General has a right to a direct appeal from the trial court's order denying its motion to compel arbitration. American General argues that a direct appeal is mandated by 9 USC § 16 (a) (1) (B) of the FAA, which provides that an appeal may be taken from an order denying a motion to compel arbitration to proceed.[1] Jape argues that under Georgia law, prior to final judgment an order denying a motion to compel arbitration is subject to the interlocutory appeal provisions of OCGA § 5-6-34 (b). It is this apparent conflict in laws that forms the issue in this appeal.

Because the FAA contains no express preemptive provision and does not reflect a congressional intent to occupy the entire field of arbitration, its provisions will preempt state law only to the extent it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U. S. 52, 67 (61 SC 399, 85 LE2d 581) (1941). See *Volt Information Sciences v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U. S. 468, 477 (109 SC 1248, 103 LE2d 488) (1989); *American Gen. Fin. Svcs. v.*

---

[1] 9 USC § 16 provides:
  (a) An appeal may be taken from –
    (1) an order –
      (A) refusing a stay of any action under section 3 of this title,
      (B) denying a petition under section 4 of this title to order arbitration to proceed,
      (C) denying an application under section 206 of this title to compel arbitration,
      (D) confirming or denying confirmation of an award or partial award, or
      (E) modifying, correcting, or vacating an award;
    (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
    (3) a final decision with respect to an arbitration that is subject to this title.
  (b) Except as otherwise provided in section 1292 (b) of title 28, an appeal may not be taken from an interlocutory order –
    (1) granting a stay of any action under section 3 of this title;
    (2) directing arbitration to proceed under section 4 of this title;
    (3) compelling arbitration under section 206 of this title; or
    (4) refusing to enjoin an arbitration that is subject to this title.

*Vereen*, 282 Ga. App. 663, 665-666 (639 SE2d 598) (2006). The purpose of the FAA was " 'to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate,' [*Dean Witter Reynolds Inc. v. Byrd*, 470 U. S. 213, 219-220 (105 SC 1238, 84 LE2d 158) (1985)] and to place such agreements 'upon the same footing as other contracts.' [Cits.]" *Volt*, supra 498 U. S. at 478. The FAA thus requires courts, both federal and state, to enforce arbitration agreements in negotiated contracts involving interstate commerce in accordance with their terms. *Southland Corp. v. Keating*, 465 U. S. 1, 13 (104 SC 852, 79 LE2d 1) (1984), quoting *Metro Industrial Painting Corp. v. Terminal Constr. Co.*, 287 F2d 382, 387 (2d Cir. 1961) (Lumbard, C. J., concurring) ("the purpose of the act was to assure those who desired arbitration and whose contracts related to interstate commerce that their expectations would not be undermined by federal judges, or . . . by state courts or legislatures").

Consistent with Congress' intent to ensure the enforceability of arbitration agreements, the United States Supreme Court has held the FAA preempts state laws requiring a judicial forum for the resolution of disputes pertaining to a particular subject matter or which require judicial resolution of a claim the parties have agreed to resolve by arbitration. See *AT&T Mobility v. Concepcion*, ___ U. S. ___ (131 SC 1740, 179 LE2d 742) (2011) (state law prohibiting arbitration of class action claims preempted by FAA); *Preston v. Ferrer*, 552 U. S. 346 (128 SC 978, 169 LE2d 917) (2008) (state law referring dispute initially to administrative agency preempted); *Mastrobuono v. Shearson Lehman Hutton*, 514 U. S. 52, 58 (115 SC 1212, 131 LE2d 76) (1995) (if parties agree punitive damages claim will be arbitrated, FAA ensures agreement will be enforced notwithstanding state law excluding such claims from arbitration); *Perry*, supra, 482 U. S. at 490-491 (state statute requiring resolution of wage disputes in judicial forum preempted). In such cases, the United States Supreme Court predictably has held the FAA preempts the relevant state law because the law undermined the FAA's objective of enforcing arbitration agreements according to their terms.

While recognizing in these cases that the FAA creates a body of federal *substantive* law of arbitrability applicable in both federal and state courts, the Supreme Court has not had the occasion to determine whether the FAA's *procedural* provisions are applicable in state courts. See *Perry*, supra, 482 U. S. at 489 and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 25, n. 32 (103 SC 927, 74 LE2d 765) (1983) (recognizing FAA "creates a body of federal substantive law" applicable in state and federal courts); *Southland Corp. v. Keating*, 465 U. S. 1, 16, n. 10 ("In holding that the Arbitration Act preempts a state law that withdraws the power to enforce arbitration

agreements, we do not hold that [the Act's procedural provisions] apply to proceedings in state courts). It has acknowledged, however, that the procedural provisions found in §§ 3 and 4 of the Act appear to apply by their terms only in federal court.[2] *Volt*, supra, 489 U. S. at 477, n. 6 ("we have never held that [the FAA's procedural provisions], which by their terms appear to apply only to proceedings in federal court, . . . are nonetheless applicable in state court"). Moreover, the Court clearly has stated both that there is no federal policy favoring arbitration under a certain set of procedural rules and that the procedures to be used in an arbitration are not prescribed by the Act itself. Id. at 476, 478-479; *Southland Corp.*, supra, 465 U. S. at 11, n. 6.

Although the Supreme Court has not addressed the exact issue before us, our Court of Appeals has twice held that the FAA does not preempt OCGA § 5-6-34 (b)'s jurisdictional requirements because the provision sets forth procedural rules which do not undermine the purposes and objectives of the FAA. *Vereen*, supra, 282 Ga. App. 663; *Simmons Co. v. Deutsche Fin. Svcs. Corp.*, 243 Ga. App. 85 (532 SE2d 436) (2000). More specifically, the court concluded in *Vereen* that

> because our procedural law permits a trial court to certify [an order denying a motion to compel arbitration] for immediate appeal pursuant to OCGA § 5-6-34 (b), parties, such as those here, are provided with an avenue for seeking appellate review that is not inconsistent with the objectives of the FAA to enforce legitimate arbitration agreements. [Cit.] While the denial of an application for interlocutory appeal, as occurred here, may delay arbitration, such delay is not tantamount to the failure to enforce valid arbitration agreements contrary to congressional objectives. [Cit.]

*Vereen*, supra, 282 Ga. App. at 666. A number of foreign jurisdictions similarly have held that state procedural laws addressing the timing of appeals are not preempted by the FAA. See *Southern Cal. Edison Co. v. Peabody W. Coal Co.*, 977 P2d 769, 775-776 (Ariz. 1999) (applying state procedural rule prohibiting direct appeal from grant of motion to compel arbitration; recognizing trial court may nevertheless certify judgment for interlocutory appeal in keeping with policy favoring arbitration); *Saavedra v. Dealmaker Developments*, 8

---

[2] For example, § 4 provides that the Federal Rules of Civil Procedure apply in proceedings to compel arbitration. It is beyond dispute, however, that these federal rules do not apply in state court proceedings. See also 9 USC § 3 (referring to proceedings "brought in any of the courts of the United States") and § 4 (referring to "any United States district court").

So3d 758, 762 (La. App. 2009) ("Louisiana procedural rule limiting the review of an interlocutory judgment denying arbitration to a discretionary supervisory writ does not undermine the goals and principles of the FAA"); *Wells v. Chevy Chase Bank*, 768 A2d 620, 629 (Md. App. 2001) (Maryland appeals statute allowing appeal from grant of motion to compel, which is contrary to FAA's procedural rules, not preempted because it "does not focus on, or discriminate against, arbitration"); *Weston Securities Corp. v. Aykanian*, 703 NE2d 1185, 1189 (Mass. App. 1998) (state procedural appellate rule not preempted because "[t]here is no reason to suppose that the timing of the exercise of the right of appeal from an order compelling arbitration is other than a procedural matter"); *Bush v. Paragon Property*, 997 P2d 882, 888 (Or. App. 2000) (state jurisdictional statute denying court jurisdiction over interlocutory appeal from order denying motion to compel arbitration not preempted).

We find the rationale of these cases persuasive and conclude that OCGA § 5-6-34 (b) is not preempted by the FAA. "[I]n enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp.*, supra, 465 U. S. at 10. In doing so, "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." (Footnote omitted.) Id. at 16. OCGA § 5-6-34 (b) is not a legislative attempt to undercut the enforceability of arbitration agreements. It does not place limitations specifically and solely on arbitration provisions; it does not discriminate between appeals involving arbitration agreements and those involving the enforcement of any other agreement; and unlike the provisions in many of the arbitration cases decided by the Supreme Court, it does not create a blanket rule prohibiting or otherwise affecting the enforceability of arbitration agreements.

Rather, OCGA § 5-6-34 (b) is a procedural rule concerning the jurisdiction of our state courts to review all non-final orders. Like the provision in *Volt*, it determines "only the efficient order of proceedings" and does "not affect the enforceability of the . . . agreement itself." *Doctor's Assocs. v. Casarotto*, 517 U. S. 681, 688 (116 SC 1652, 134 LE2d 902) (1996) (discussing state rule at issue in *Volt*). As such, agreements to arbitrate are treated under the provisions of OCGA § 5-6-34 (b) like all other contracts consistent with the intent and objectives of the FAA. See *Doctor's Assocs.*, supra, 517 U. S. at 687 (by enacting § 2, "Congress precluded States from singling out arbitration provisions for suspect status, requiring instead that such provisions be placed 'upon the same footing as other contracts.' [Cit.]"); *Allied-Bruce Terminix Cos. v. Terminix Intl. Co.*, 513 U. S. 265, 281 (115 SC 834, 130

LE2d 753) (1995) (states may regulate and invalidate arbitration clauses based on general contract principles applicable to *any* contract; what FAA makes unlawful is any state policy that places arbitration clauses on unequal footing contrary to Congress' intent).

Relying on *Preston,* supra, 552 U. S. at 357, American General argues application of OCGA § 5-6-34 (b) interferes with the FAA's goal of achieving " 'streamlined proceedings and expeditious results.' " We disagree. In *Preston,* the Supreme Court determined a state statute which grants an administrative agency initial jurisdiction over disputes involving a particular subject matter was preempted by the FAA because the statute precluded arbitration regardless of the existence of an enforceable agreement to arbitrate. In so holding, the Court rejected the argument that placing primary jurisdiction in the state agency did not deny arbitration because either party could move to compel arbitration after the agency ruled. Justice Ginsburg, speaking for the majority, stated:

> A prime objective of an agreement to arbitrate is to achieve "streamlined proceedings and expeditious results." [Cits.] That objective would be frustrated even if [a party] could compel arbitration [after agency review because r]equiring initial reference of the parties' dispute to the Labor Commissioner would, at the least, hinder speedy resolution of the controversy.

Id. at 357-358.

While we, like the *Preston* Court, acknowledge that delay in the proceedings may in some circumstances be a hindrance to the objectives of an arbitration agreement, and in turn, to the objectives of the FAA, we cannot agree with American General's contention that *any* delay in the proceedings caused by an arbitration neutral procedural statute sufficiently undermines the primary objectives of the FAA so as to warrant federal preemption. See *Dean Witter Reynolds,* supra, 470 U. S. at 220 (rejecting suggestion that *overriding* goal of FAA was to promote expeditious resolution of claims); *Moses H. Cone,* supra, 460 U. S. 1 (affirming order enforcing arbitration agreement, consistent with objectives of FAA, notwithstanding the presence of other persons who were parties to the underlying dispute but not the arbitration agreement and who were affected by delay caused by bifurcated proceedings). *Preston* simply does not stand for this proposition.

In the present appeal, we address a non-discriminatory procedural statute which may, in some cases, delay the parties' proceedings by denying them the right to a direct appeal from a non-final

order. This result, however, is not inconsistent with the FAA's primary objectives of overruling the judiciary's refusal to enforce arbitration agreements and to enforce arbitration agreements according to their terms. Nor does it create such a burden upon interstate commerce to require preemption.[3] As stated by the Supreme Court in *Nippert v. City of Richmond*, 327 U. S. 416, 425 (66 SC 586, 90 LE 760) (1946), "not all burdens upon commerce, but only undue or discriminatory ones, are forbidden." Because the effect of OCGA § 5-6-34 (b) on interstate commerce is neither undue nor discriminatory and is not inconsistent with the objectives of the FAA, we conclude it is not preempted. Accordingly, American General was not entitled to a direct appeal from the trial court's order denying its motion to compel arbitration, and the order of the Court of Appeals dismissing the direct appeal is affirmed.

*Judgment affirmed. All the Justices concur, except Nahmias and Blackwell, JJ., who concur specially.*

NAHMIAS, Justice, concurring specially.

I concur in the result of the majority opinion and in most of its reasoning, although I believe it downplays the weight of Congress' intent, expressed through the Federal Arbitration Act (FAA), " 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.' " *Preston v. Ferrer*, 552 U. S. 346, 357 (128 SC 978, 169 LE2d 917) (2008) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 22 (103 SC 927, 74 LE2d 765) (1983)). See also *AT&T Mobility LLC v. Concepcion*, ___ U. S. ___ (131 SC 1740, 1749, 179 LE2d 742) (2011). In my view, there is considerably more tension than the majority opinion admits between Georgia's interlocutory appeal statute, OCGA § 5-6-34 (b), and the FAA's direct appeal provision, 9 USC § 16 (a) (1), as applied to a party's right to appeal immediately from an interlocutory order denying a motion to compel arbitration.

I nevertheless think this is a fairly easy case to decide, due to a factor the majority opinion mentions only in passing. Our interlocutory appeal statute is not a run-of-the-mill procedural provision applicable in state court. It is a *jurisdictional* law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases. "[W]hen the order appealed from is an

---

[3] Because we recognize that an incorrect determination that a dispute is not subject to arbitration may cause the parties unnecessary expense and delay, we urge courts, except in the clearest cases, to certify orders denying a motion to compel arbitration. See *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 490 (299 SE2d 538) (1983) (recommending that trial courts certify orders granting or denying motions to stay judicial proceedings pending arbitration).

interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed." *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (359 SE2d 904) (1987). See also *Fife v. Johnston*, 225 Ga. 447, 447 (169 SE2d 167) (1969) (holding, in reference to the interlocutory appeal statute, that "the right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts").

It is one thing to find that Congress intended to impose federal substantive or procedural rules on a type of case that a State has opened its courts to hear. It would be quite another thing to find that Congress intended to require a State to open its courts to hear such a case. Doing so would raise significant constitutional concerns, particularly where Congress was acting under its Article I Commerce Clause power, see U. S. Const., Art. I, Sec. 8, Cl. 3, as it did in enacting the FAA. See *Bush v. Paragon Property, Inc.*, 997 P2d 882 (Or. App. 2000) (holding that FAA § 16 did not preempt Oregon's interlocutory appeal statute to allow a direct appeal of an order denying arbitration because Congress lacks power under Article I to require a State to modify its normal judicial procedures, at least when those procedures do not absolutely defeat the congressional purpose). See also *Johnson v. Fankell*, 520 U. S. 911, 918-921 (117 SC 1800, 138 LE2d 108) (1997) (holding that the federal statute allowing interlocutory appeal of an order denying summary judgment on the ground of qualified immunity in a 42 USC § 1983 action brought in federal court does not preempt a neutrally applicable Idaho appellate rule barring interlocutory appeal of such orders in § 1983 cases brought in state court); *Alden v. Maine*, 527 U. S. 706, 754 (119 SC 2240, 144 LE2d 636) (1999) (holding that Congress may not abrogate by Article I legislation a State's immunity from private suit in the State's own courts). Indeed, the United States Supreme Court has emphasized that the respect owed to the States in " 'a system of federalism in which the state courts share responsibility for the application and enforcement of federal law' " is "at its apex when we confront a claim that federal law requires a State to undertake something as fundamental as restructuring the operation of its courts." *Johnson*, 520 U. S. at 922 (citation omitted). See also id. n.13 (citing cases that have "made it quite clear that it is a matter for each State to decide how to structure its judicial system").

We need not go so far as to decide that Congress could not constitutionally require Georgia's appellate courts to hear interlocutory appeals from orders denying arbitration. The federalism questions that would be raised by such preemption are significant enough to counsel a finding that FAA § 16 was not intended to trump

OCGA § 5-6-34 (b). A finding of preemption forcing a state court to hear interlocutory appeals of certain orders on arbitration cases would be even more aggressive where the State's jurisdictional statute shows no hostility to arbitration agreements and is not "outcome determinative," *Johnson*, 520 U. S. at 921. Here, OCGA § 5-6-34 (b) does not discriminate against arbitration agreements but applies equally to all contract cases; many parties whose motion to compel arbitration is denied should be able to obtain an interlocutory appeal (particularly given the Court's firm direction to trial courts to certify such orders for immediate review "except in the clearest cases," Maj. Op. at 644, n. 3); and the parties who cannot obtain an immediate appeal of the denial of a non-frivolous motion to compel arbitration will remain entitled to a direct appeal of the issue when their case is final, see OCGA § 5-6-34 (a) (1), so that the fundamental Congressional objective of enforcing arbitration agreements may still be served. See Maj. Op. at 642-644. I therefore agree that the Court of Appeals correctly dismissed American General's appeal for failure to comply with the interlocutory appeal requirements of OCGA § 5-6-34 (b).

I am authorized to state that Justice Blackwell joins in this special concurrence.

DECIDED OCTOBER 1, 2012.

*Hunton & Williams, Ashley F. Cummings, Charlotte M. Ritz, Rhani M. Lott*, for appellant.

*John T. Longino*, for appellee.