41766. PARKER v. SCHOCHAT.

ARGUED JANUARY 11, 1966—DECIDED JANUARY 19, 1966.

*Fine & Rolader, A. J. Block, Jr.,* for appellant.
*Johnson & Hayes, Randolph Hayes,* for appellee.

JORDAN, Judge. This was a suit to recover compensation allegedly due the plaintiff under the terms of a written contract of employment executed by the plaintiff and the defendant em-

ployer. The uncontradicted evidence adduced on the trial of this case disclosed that the plaintiff commenced his employment under this contract on October 17, 1963, that he was to be compensated on a commission basis with a guaranteed annual salary of $15,000 and a weekly draw of $250, and that either party under the express terms of the agreement could cancel the contract for any reasons upon giving 30 days notice to the other. The evidence further disclosed without dispute that on October 27, 1963, the defendant notified the plaintiff that he was terminating provisions of the original employment contract providing for a weekly draw of $250 and an annual guarantee of $15,000, but that the plaintiff could continue working for the defendant on a straight commission basis.

The defendant testified that the plaintiff accepted these new terms as to his remuneration under the contract and continued in his employment until November 8, 1963, when the defendant terminated the employment relationship completely. The plaintiff testified that upon being informed of these new provisions by the defendant he reminded the defendant that the parties had a written contract. The evidence shows that the plaintiff was paid $250 as the "draw" for one week prior to October 27, 1963, and that after that date he was given a check for $195.80 which, according to the defendant, represented the total earnings of the plaintiff on a commission basis after October 27, 1963. Payment on this check was stopped, however, by the defendant.

At the conclusion of the evidence the trial judge who had heard the case without the intervention of a jury entered judgment in favor of the plaintiff in the amount of $1,428, this sum representing the amount of compensation due the plaintiff under the terms of the original agreement for the period from October 17, 1963, to October 27, 1963, and 30 days thereafter, less the amount of compensation already paid the plaintiff under the contract. The appeal is from that judgment, it being contended by the defendant that the evidence demanded the finding that the parties had mutually departed from the terms of the original agreement as to the plaintiff's remuneration and that the plaintiff was not entitled to any additional compensation from the defendant when calculated on a commission-only basis as provided in the new agreement.

1. "While a distinct stipulation in a contract may be waived by the conduct of the parties, it must appear that it was the intention of the parties to treat such stipulations as no longer binding. The mere fact that one party so intended would not bring about this result. It must appear that it was the mutual intention. . ." *Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695 (4), 704 (58 SE 200). "The question as to whether or not there has been a mutual intention, and in fact a mutual departure from the terms of an original contract . . . is ordinarily one of fact for determination by the jury." *Prothro v. Walker,* 202 Ga. 71 (42 SE2d 114); *Southern Feed Stores v. Sanders,* 193 Ga. 884, 887 (20 SE2d 413); *State Mut. Ins. Co. v. Strickland,* 218 Ga. 94, 95 (126 SE2d 683); *Mauldin v. Gainey,* 15 Ga. App. 353 (7) (83 SE 276).

2. The trial court sitting as the trior of fact in this case was authorized to find that the purported departure from the terms of the original contract was unilateral in intent and not mutual and that the action 'on the part of the defendant in attempting to cancel certain provisions of the contract and substitute new ones in their place merely constituted the exercise by the defendant of his right to cancel the contract upon the giving of 30 days notice. Accordingly, the trial court was authorized to give the plaintiff credit for this period of time in computing the compensation due him under the original contract and the judgment of the court was not erroneous for any reasons enumerated.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*