62597. H. R. H. PRINCE LTC. FAISAL M. SAUD v. BATSON-COOK COMPANY.

SOGNIER, Judge.
Prince Faisal entered into a construction contract with Batson-Cook Company for improvements to be made on his home. Certain changes in the original agreement were ordered and approved by Prince Faisal. A dispute arose over these changes and the Prince's liability for payment to Batson-Cook regarding work done pursuant to the changes. Batson-Cook asked for arbitration of the dispute. Prince Faisal, claiming inter alia that the contract did

not require arbitration of the dispute, filed a petition for declaratory and injunctive relief and for a stay of arbitration. A temporary restraining order and stay of arbitration was granted pending a hearing on the matter. After the hearing, the trial court found that the parties were bound by the terms of the contract, which included a provision to arbitrate disputes, that the arbitration agreement was enforceable and that there was an actual dispute to be arbitrated. Accordingly, the trial court set aside the temporary restraining order and denied Prince Faisal's petition for declaratory relief. We affirm.

1. Appellant contends that the trial court erred in denying his petition to stay arbitration because the contract did not require arbitration of disputes. We do not agree.

The contract is an American Institute of Architects' Standard Form of Agreement between Owner and Contractor, and specifically provides, by amendment to the form provisions: "The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions) . . . These form the Contract, and all are as fully a part of the Contract as if attached to this Agreement, or repeated herein." The "Conditions of the Contract" include the "AIA General Conditions," which include a provision stating: "Any claim, dispute or other matter in question between the Contractor and the Owner referred to the Architect . . . shall be subject to arbitration upon the written demand of either party." We find the provisions of the contract regarding arbitration clear and unambiguous and binding on the parties. See *Pace Const. Corp. v. Houdaille-Duval-Wright Div.,* 247 Ga. 367 (276 SE2d 841) (1981).

2. Appellant further contends that the arbitration provisions in the contract are unenforceable because they fail to comply with Georgia law. Code Ann. § 7-301 et seq. Appellant claims the contract provides that the dispute be submitted to the architect prior to arbitration, that the architect is an *arbitrator,* and that this procedure is unenforceable under Georgia law. However, the architect is not an arbitrator. The contract provides that the architect is the *Owner's* representative during construction and until final payment is due; any claim or dispute referred to the architect is then subject to arbitration. We find appellant's contention without merit.

3. Batson-Cook filed a claim of lien against the property of Prince Faisal in the amount of $195,675.88. By way of counterclaim in the instant suit, Batson-Cook demanded judgment and a lien against appellant's property. Appellant contends that said counterclaim was not timely filed, and that by asserting said counterclaim appellee either waived arbitration or is estopped from seeking arbitration.

(a) Appellee moved the trial court to allow it to file a

counterclaim by amendment in accordance with the provisions of Code Ann. § 81A-113 (f). After a hearing on the motion the trial court permitted the counterclaim by amendment, finding that appellee's failure to set up the counterclaim had been due to excusable neglect, inadvertence and oversight, and that justice required the allowance of the amendment. We find no error in the trial court's allowance of the counterclaim by amendment. *Kitchens v. Lowe,* 139 Ga. App. 526, 528 (228 SE2d 923) (1976).

(b) Next, appellant contends that the trial court erred in denying his stay of arbitration because appellee waived his right to arbitration under the contract by filing his counterclaim for judgment and foreclosure on a claim of lien. In other words, appellant contends that appellee's remedies are mutually exclusive and once Batson-Cook decided to proceed with its remedy under the lien statute (Code Ann. § 67-2001 et seq.), it was precluded from enforcing its right of arbitration under the contract. We note the trial court permitted the counterclaim to foreclose the lien to be filed pending his decision on the stay of arbitration. This was done to protect appellee's lien rights under the lien statute.

Appellant's argument raises an interesting issue which our courts have not yet decided. We have searched the record and have found nothing to indicate that appellant raised the issue of *waiver* in the trial court. Despite the fact that appellant did not properly raise the issues of waiver and estoppel, we note that no waiver of appellee's arbitration rights took place under the circumstances of this case.

" 'While a distinct stipulation in a contract may be waived by the conduct of the parties, it must appear that it was the intention of the parties to treat such stipulations as no longer binding.' [Cit.]" *Parker v. Schochat,* 113 Ga. App. 13, 15 (1) (147 SE2d 58) (1966). Here, where appellee consistently sought to enforce its right to arbitration under the contract, it is clear that it had no intention of waiving such a right. See A. Sangivanni and Sons v. F. M. Floryan and Co., 262 A2d 159 (Conn., 1969). Had appellee flagrantly disregarded arbitration as a contractual prerequisite, filed a claim of lien and a complaint of foreclosure without attempting to enforce its arbitration rights, a waiver of the arbitration provisions of the contract may have occurred. See Oakdale Park Ltd. v. Byrd, 346 S2d 648 (Fla. App. 1977).

Appellee is entitled to protect its rights to a materialmen's lien by filing a claim of lien and by filing a petition to foreclose said lien at the same time it is pursuing its arbitration rights under the contract. In fact, we agree with the Florida Court of Appeal that the operation of the Arbitration Code (Ga. Code Ann. § 7-301 et seq.) and the materialmen's lien law is interdependent and compatible. Beach

Resorts Intern. v. Clarmac Marine Const., 339 S2d 689, 692 (Fla. App., 1976).

Here, appellee sought to resolve a dispute under the contract by demanding arbitration, and responded to appellant's attempt to stay arbitration by seeking to enforce the contract. However, in order to protect its statutory lien rights, appellee filed its claim of lien within three months after completion of the work and filed its counterclaim against the owner within 12 months from the time the same would become due. Code Ann. § 67-2002. Batson-Cook alleged in its claim of lien that the amount for which the lien was claimed was due on May 10, 1980. Its counterclaim was filed April 10, 1981.

If the trial court had stayed arbitration, appellee would have been able to proceed with its claim against appellant under Code Ann. § 67-2002. Since the trial court correctly ordered arbitration, the correct procedure is to stay judicial proceedings in the lien foreclosure action and proceed to arbitration. If judicial enforcement of an arbitration award in favor of Batson-Cook is necessary, appellee (if it is otherwise entitled to a materialmen's lien) may enforce said award by means of the lien foreclosure. See Beach Resorts, supra, at 692. Thus, we do not view appellee's counterclaim to foreclose its claim of lien as inconsistent with its attempt to enforce arbitration under the contract, nor does said counterclaim amount to a waiver of Batson-Cook's contractual right to arbitrate. Accord, EFC Develop. Corp. v. F. F. Baugh Plumbing & H. Inc., 24 Ariz. App. 566 (540 P2d 185) (1975).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 27, 1982 —
REHEARING DENIED FEBRUARY 10, 1982.

*Nicholas P. Chilivis, Gary G. Grindler, Thomas D. Harper,* for appellant.

*Thomas H. Rogers, Jr., J. Littleton Glover, Jr.,* for appellee.