A91A1275. TILLMAN GROUP, INC. v. KEITH et al.
(411 SE2d 794)

Judge Arnold Shulman.

The appellee homeowners filed suit in magistrate court seeking to recover damages for breach of warranty in the amount of $2,500, based on certain alleged defects in a house they had purchased from the appellant builder. At the closing, which took place on March 1, 1989, the appellees had received from the appellant a "Limited Warranty" against construction defects. This warranty agreement contained a provision specifying that "[a]ny controversy or claim arising out of or relation (sic) to this Limited Warranty, or an alleged breach hereof, shall be settled by binding arbitration in accordance with the Rules of the Construction Arbitration Associates, Ltd., and the Georgia Arbitration Code."

In its answer to the appellees' complaint, the appellant denied any liability and further asserted that "[t]he Limited Warranty which plaintiff alleges was breached requires arbitration under a separate arbitration section." At no point, however, did the appellant file a motion to compel arbitration or to stay the court proceedings pending arbitration. The case proceeded to trial in the magistrate court, resulting in a judgment in favor of the appellees. The appellant then appealed to superior court, where it moved for summary judgment based on the arbitration provision. The superior court denied the motion, ruling that the appellant had waived its right to arbitration by litigating the merits of the claim in the magistrate court without filing a motion to compel arbitration. The case is before us pursuant to our grant of an application by the appellant for interlocutory review of this ruling.

1. The Georgia Arbitration Code (OCGA § 9-9-1 et seq.) provides "the exclusive means by which agreements to arbitrate disputes arising under [contracts made after July 1, 1988] can be enforced." OCGA § 9-9-2 (b). Inasmuch as the warranty agreement at issue in this case was entered into in 1989, it follows that the present contro-

versy is governed by the provisions of that Code, Section 6 (a) of which provides, in pertinent part, as follows: "A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. . . . *If an issue claimed to be arbitrable is involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application shall be made by motion in that action.* If the application is granted, the order shall operate to stay a pending or subsequent action, or so much of it as is referable to arbitration." (Emphasis supplied.) OCGA § 9-9-6 (a).

Because the grant of an application to compel arbitration operates merely to stay further proceedings in a pending action when entered by the court in which the action is pending, and because the " 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,' " *Bloomfield v. Liggett & Myers*, 230 Ga. 484, 485 (198 SE2d 144) (1973), we conclude that the magistrate court was "a court having jurisdiction to hear a motion to compel arbitration" within the contemplation of OCGA § 9-9-6 (a). We note that an aggrieved party is authorized by a separate provision of the Georgia Arbitration Code to apply to superior court "for an order of attachment or for a preliminary injunction in connection with an arbitrable controversy. . . ." OCGA § 9-9-4 (e). The existence of this separate Code section providing for injunctive relief strongly implies that the relief contemplated by OCGA § 9-6-6 (a) was not deemed by the Legislature to be equitable in nature.

2. "An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration. [Cits.]" *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 13 (345 SE2d 53) (1986). Having concluded that the magistrate court had jurisdiction to entertain a motion to compel arbitration in the present case, we hold that by litigating the merits of the appellees' claim in that court without filing such a motion or otherwise seeking to initiate arbitration proceedings, the appellant waived its right to insist upon arbitration.

3. " ' "[A] motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. [Cits.]" ' " *Deller v. Smith*, 250 Ga. 157, 163 (296 SE2d 49) (1982). Because the remedy of a defendant who is aggrieved by the refusal of a plaintiff to arbitrate is to apply to the court for a stay of proceedings pending arbitration, we hold that a motion for summary judgment was not, in any event, a proper procedural vehicle by which to seek to enforce the arbitration provision at issue in this case.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 30, 1991.

*Culverhouse & Deems, Daniel R. Deems,* for appellant.
*Thomas P. Bishop,* for appellees.