### A03A0785. MACON WATER AUTHORITY v. CITY OF FORSYTH.
(585 SE2d 131)

ELDRIDGE, Judge.

This is an appeal from the trial court's order compelling arbitration under the contract to supply electricity and not from the confirmation of the arbitration award against the Macon Water Authority and for the City of Forsyth. MWA defaulted upon the contract when it changed its plans to renovate the existing water treatment plant, the subject of the service contract, because of flooding, but instead, MWA built a new treatment plant in a different county and using a different electric service supplier. MWA contended that the service contract terminated when the existing site flooded; however, MWA should have submitted such termination issue to arbitration but did not do so, ignoring the contract terms. On November 13 and 14, 2001, arbitration took place, and the arbitrators awarded the City of Forsyth $938,575 in damages against MWA for its default under the contract. MWA appeals from the trial court's order compelling arbitration under the electric service contract and denying MWA's motion to stay arbitration. Finding no error, we affirm.

On November 18, 1993, the MWA contracted for the purchase of electricity from the City of Forsyth, Georgia, a municipal corporation receiving wholesale electricity supplied by the Municipal Electric Authority of Georgia for five years with an additional five-year option for its proposed expansion of its existing treatment facility. Under the contract, the City of Forsyth caused MEAG to build a 115kV/ 12.47kV substation next to the proposed site for the expanded water works, and MEAG owned the site and improvements; also, MEAG relocated four 115kV transmission lines away from the location of MWA's water reservoir. December 31, 1994, was the completion date for all work.

In the contract, the parties contemplated the catastrophic occurrence of a flood, but agreed that the contract would abate for the duration of the flood but that the contract would not terminate. After five years, MWA had the right to opt out of the agreement. The contract had no other termination provision. The agreement required mandatory arbitration in the event of default or dispute by either party as to any issue. The contract provided for no other unilateral right for either party to terminate the contract.

In July 1994, the Ocmulgee River flooded the existing MWA's

water treatment plant, rendering it inoperable and causing water customers to be without service for up to 21 days. MWA recognized that the existing site had a continuing risk of flooding. MWA defaulted on its contract with the City of Forsyth without submitting the issue of termination to arbitration as required by the contract. MWA cancelled other contracts to improve the existing water treatment plant because of the risk of future flooding at the existing site. Already, MWA owned a reservoir site in Jones County, approximately two and one-half miles from the existing treatment plant on the east side of the Ocmulgee River on high ground not subject to flooding. MWA built a new water treatment plant on such site. Then, MWA entered into a new contract with Tri-County Electric Membership Corporation to provide electric services.[1] MWA treated the contract with the City of Forsyth as terminated by the flood without submitting this to arbitration.

1. MWA contends that the trial court erred in compelling arbitration, because the City of Forsyth had waived or abandoned its right to arbitrate by its proceeding before the Public Service Commission. We find no merit to this contention.

MWA contends that the City of Forsyth waived any right to arbitration under the contract by bringing the action before the PSC against the Tri-County EMC for violation of the Georgia Territorial Electric Service Act. " '[A]n agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration.' " (Citation omitted.) *Tillman Group v. Keith*, 201 Ga. App. 680, 681 (2) (411 SE2d 794) (1991). The trial court must have jurisdiction to compel arbitration under the contract. Id. at 681 (1). However, unlike this case where the alleged inconsistent action was with a nonparty in a regulatory proceeding that lacked jurisdiction to compel arbitration, such "inconsistent action" was proceeding to trial over the agreement with the opposite party and not demanding a stay of litigation in order to arbitrate. Id. at 681 (2); OCGA § 9-9-6 (a). In *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 13 (345 SE2d 53) (1986), waiver of the written arbitration rights consisted of negotiating and settling of all claims under the oral contract, which was reduced to the written contract, and then waiting

---

[1] The City of Forsyth contended that under its contract it was the sole provider of electric service for the new Town Creek Plant in Jones County and refused to bid for a new electric service contract. On September 19, 1996, the City of Forsyth petitioned the Public Service Commission to stop the Tri-County EMC from violating the Georgia Territorial Electric Service Act. The PSC ruled that the new plant was in a different county from the earlier service contract for the Bibb County remodeling of the existing plant, and service was at a different new facility. The City of Forsyth appealed this ruling to Fulton Superior Court where the PSC was affirmed.

three years after final payment under the written contract to claim a dispute for arbitration. In *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 779 (4) (556 SE2d 468) (2001), this Court held that a default judgment by failure to answer the complaint waived not only any defense of the right to arbitrate but also any other defenses to liability between the parties under the contract. Such cases are distinguishable on the law and facts, because each case dealt with litigation or settlement between the parties to the arbitration regarding issues that were subject to the arbitration clause but were not timely arbitrated.

The proceedings before the PSC and appeal therefrom involved the application of the Georgia Territorial Electric Service Act to Tri-County EMC, a nonparty to the arbitration agreement, where the City of Forsyth contended that it was the electric service provider based upon the earlier contract with MWA. MWA was never a party, and the PSC lacked jurisdiction to compel MWA to arbitrate. Such proceedings did not determine either directly or indirectly whether or not the agreement between the City of Forsyth and MWA had terminated by default or other reasons. The only issue decided by such administrative procedure was that the Town Creek Plant in Jones County was not subject to the Georgia Territorial Electric Service Act so that Tri-County EMC could contract with MWA to provide electric services, because such Town Creek facility was not the same premises under the Act that the City of Forsyth contracted to supply electric services. OCGA §§ 46-3-3 (6); 46-3-8 (b). The City of Forsyth has continuously asserted its legal rights throughout to a valid binding contract with MWA. The superior court in the appeal from the PSC determination expressly ruled that "the case is not in the posture of a contract dispute between the two parties [(the City of Forsyth and MWA)] to the contract, MWA not being before the Court."

For arbitration to be waived, it must be inconsistent with the judicial litigation process that has been invoked previously to litigate specific legal and factual claims or issues that such same party subsequently seeks to arbitrate. See *St. Paul Fire &c. Ins. Co. v. Barge*, 225 Ga. App. 392, 393-394 (1) (483 SE2d 883) (1997); *Weyant v. MacIntyre*, 211 Ga. App. 281, 284 (3) (438 SE2d 640) (1993); *Saud v. Batson-Cook Co.*, 161 Ga. App. 219, 221-222 (3) (291 SE2d 249) (1982).

> The stated intention of the General Assembly in revising the Arbitration Code was to extend the enforcement of arbitration in Georgia from construction contracts to all contracts in which the parties have agreed to arbitration in writing. Ga. L. 1988, p. 903 et seq. . . . [T]he General Assembly has

established the public policy of this State with regard to the
enforceability of arbitration agreements.

(Citations and punctuation omitted.) *Weyant v. MacIntyre*, supra at
282 (1).

2. MWA contends that the trial court erred "in failing to rule that
the Great Flood of 1994 constituted force majeure, which nullified
the very contract containing the arbitration clause." We find no
merit.

The contract expressly anticipated the disruption and damage by
flood and stated that a flood would only abate the performance of the
contract for the period of the flood. The contract neither provided for
a nullification of the contract nor for it to be substituted for perfor-
mance of the contract. Even if the flood could be treated as a substi-
tute for performance of the contract, then the arbitration provision
would still be in effect. Only if the contract by its express terms was
nullified by the flood could the arbitration clause cease to control any
dispute between the parties. MWA cites no legal authority for either
proposition. Where parties bind themselves to arbitrate any and all
issues, as in this case, the question of termination because of the
flood must also be arbitrated. See *Weyant v. MacIntyre*, supra at 282
(1).

3. MWA contends that the trial court erred in failing to find that
the City of Forsyth was estopped by the rulings of the PSC and its
affirmance by the Fulton Superior Court as to Tri-County EMC. We
find no merit to this contention.

Under Georgia law, administrative decisions may have a col-
lateral estoppel effect in a subsequent judicial proceeding.
There are four requirements for application of the doctrine
of collateral estoppel: (1) both proceedings must involve the
same parties or their privies; (2) the issue must have been
actually litigated and determined in the first proceeding; (3)
that determination must have been essential to the judg-
ment in the first proceeding; and (4) the party against whom
the doctrine is asserted must have had a full opportunity to
litigate the issue in question.

(Footnotes omitted.) *Swain v. State*, 251 Ga. App. 110, 113 (1) (552
SE2d 880) (2001).

The PSC and the appeal to the Fulton Superior Court involved
the City of Forsyth and Tri-County EMC and did not involve MWA.
MWA's breach of the contract by default was never litigated. MWA's
breach of contract was never essential to the PSC's ruling regarding
the Georgia Territorial Electric Service Act. The City of Forsyth

never sought nor did it have the opportunity to litigate MWA's breach of contract. In fact, the superior court expressly ruled that such contract issue was not before the court.

Further, before the trial court in this action, MWA abandoned the defense of collateral estoppel: "I will admit, in solemn judicio, that I have been unable to figure out a way to apply res judicata, collateral estoppel, issue preclusion or claim preclusion against [the City of Forsyth] as a result of the prior filing with the PSC. Therefore, we withdraw any contention of issue or claim preclusion, collateral estoppel, res judicata, or the like."

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 26, 2003 —
RECONSIDERATION DENIED JULY 9, 2003.

*Jones, Cork & Miller, Hubert C. Lovein, Jr.,* for appellant.
*Alston & Bird, William H. Hughes, Jr., Hall, Bloch, Garland & Meyer, John F. Kennedy,* for appellee.