## A10A0551. LANDSOUTH CONSTRUCTION, LLC v. LAKE SHADOW LIMITED, LLC.
### (693 SE2d 608)

ELLINGTON, Judge.

Following the grant of its application for interlocutory appeal, LandSouth Construction, LLC appeals from the trial court's denial of its motion to dismiss a complaint brought by Lake Shadow Limited, LLC and to compel arbitration. LandSouth contends that the trial court erred in finding that it had waived its right to compel arbitration due to its actions in a previous, separate case involving the same contract. For the following reasons, we reverse the court's order and remand for further proceedings consistent with this opinion.

The record shows the following relevant and undisputed facts. In September 2005, Lake Shadow hired LandSouth to build a condominium complex in Gainesville. The parties entered into a contract that included a binding arbitration provision in which they agreed to mediate, arbitrate, or both, any and all actions, claims, and disputes "arising out of or related to the Contract." In October 2007, after completion of the project, a dispute arose regarding the amounts due under the contract, and LandSouth filed a mechanic's lien against Lake Shadow in Cobb County in the amount of $526,902.92 plus interest. LandSouth then filed a complaint in Gwinnett County to perfect and foreclose on its lien (hereinafter, the "Gwinnett County lawsuit"). In its complaint, LandSouth claimed that Lake Shadow owed it $526,902.92 for work completed under the contract, asserted three alternative theories of recovery supporting its claim to that amount (breach of contract, quantum meruit, and unjust enrichment), and requested attorney fees. LandSouth did not invoke its right to arbitration in the complaint. Before Lake Shadow filed an

---

imposed or any portion thereof in the manner provided by law").

answer to the complaint and before the parties engaged in any significant discovery, the parties entered into mediation and settled the dispute. LandSouth then dismissed the Gwinnett County lawsuit in March 2008.

Seven months later, Lake Shadow filed the complaint at issue in the instant case, seeking an award of damages against LandSouth for alleged construction defects and claiming breach of contract, breach of warranty, and negligent construction. LandSouth answered and moved to dismiss the complaint and to compel arbitration. Following a motion hearing,[1] the trial court concluded that LandSouth had waived the arbitration provision of the contract when it filed the Gwinnett County lawsuit without asserting its right to arbitration. In addition, the court ruled that if the

> lawsuit had been only an attempt to perfect and foreclose on its lien, then no waiver of arbitration under the contract would have occurred, because [LandSouth] was legally required at that time to seek such relief by means of a court action. As to the other claims asserted in the Gwinnett County Complaint, however, [LandSouth] chose to forego the arbitration option and thereby waived that option in the current case.

Based upon this conclusion, the court denied LandSouth's motion to compel arbitration, but granted a certificate of immediate review. This Court granted LandSouth's application for interlocutory appeal,[2] and this appeal followed.

On appeal, LandSouth contends the trial court erred in ruling that, because it filed the Gwinnett County lawsuit to perfect and foreclose the lien while including three alternative theories of recovery of its claim and without asserting its right to arbitration, it had waived its right to arbitration in the instant case. As shown below, LandSouth's argument has merit.

---

[1] The hearing was not transcribed.

[2] Notably, in *Phillips Constr. Co. v. Cowart Iron Works*, the Supreme Court of Georgia issued the following statement of legal policy:

> A trial judge's decision on a motion to stay judicial proceedings pending arbitration is a decision with significant consequences. If the stay of judicial proceedings is incorrectly denied, the parties must proceed with a trial and a jury verdict which will be overturned on appeal because the parties should have had their dispute decided by arbitration. The parties must then go to the expense of having a new determination made by arbitration. This procedure not only wastes the parties' time and money but is an unnecessary burden on an already overworked judiciary. . . . *These results and adverse consequences make it desirable to allow the parties to appeal the initial determination immediately.*

(Emphasis supplied.) 250 Ga. 488, 489 (299 SE2d 538) (1983).

"While a distinct stipulation in a contract may be waived by the conduct of the parties, it must appear that it was the intention of the parties to treat such stipulations as no longer binding." (Citation and punctuation omitted.) *Saud v. Batson-Cook Co.*, 161 Ga. App. 219, 221 (3) (b) (291 SE2d 249) (1982). In *Saud*, this Court held that a party did not waive its right to arbitrate when it filed an action to foreclose a lien to protect its lien rights when the applicable lien statute required the party to file such an action. Id. at 221-222 (3) (b).

In this case, it is undisputed that, in October 2007, when LandSouth filed the Gwinnett County lawsuit, the applicable lien statute required LandSouth to file an "action for the recovery of the amount of [its] claim within 12 months from the time the same shall become due" in order to perfect its lien for the $526,902.92 that was allegedly due from Lake Shadow. See former OCGA § 44-14-361.1 (a) (3).[3] LandSouth complied with the statute by filing the complaint to perfect and foreclose the lien while asserting three *alternate* bases (breach of contract, quantum meruit, and unjust enrichment) for recovery of the amount of its claim.[4] Contrary to Lake Shadow's argument, LandSouth's complaint in the Gwinnett County lawsuit clearly did not assert claims for three *separate and cumulative* recoveries of $526,902.92. Thus, as in *Saud*, supra, LandSouth did not waive its right to arbitrate in the instant case by filing the Gwinnett County lawsuit, because the applicable lien statute required it to file such an action.

Further, Lake Shadow has failed to demonstrate any prejudice that arose from LandSouth's actions in the Gwinnett County lawsuit. As noted above, it is undisputed that Lake Shadow did not file an answer in the case, nor was it forced to participate in any significant discovery. Moreover, because the parties were able to resolve their dispute through mediation and to reach a settlement within six months of the filing of the complaint, there was arguably no need for LandSouth to invoke its right to arbitration in order to avoid protracted proceedings and a trial.

Finally, pursuant to the contract's incorporation of AIA Document A201-1997,[5] the contract expressly provided that "[n]o action

---

[3] The General Assembly has since amended OCGA § 44-14-361.1 (a) (3) to require, instead, the commencement of a "lien action," and amended OCGA § 44-14-360 (2.1) to define "lien action" as including a "lawsuit, proof of claim in a bankruptcy case, *or a binding arbitration.*" (Emphasis supplied.) Ga. L. 2008, p. 1063, §§ 1, 2.

[4] See OCGA § 9-11-8 (e) (2) ("A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. . . . A party may also state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or on equitable grounds or on both.").

[5] "AIA Document A201-1997" refers to The American Institute of Architects' "General

or failure to act by the Owner, Architect or Contractor shall constitute a waiver of a right or duty afforded them under the Contract, nor shall such action or failure to act constitute approval of or acquiescence in a breach thereunder, except as may be specifically agreed in writing." AIA Document A201-1997, § 13.4.2.

Therefore, after considering the totality of the circumstances in this case, we conclude that the trial court erred in finding that LandSouth's actions in the Gwinnett County lawsuit amounted to a waiver of the contract's arbitration clause. Consequently, the court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Andrews, P. J., and Doyle, J., concur.*

### DECIDED APRIL 6, 2010.

*Freeman, Mathis & Gary, Neil L. Wilcove*, for appellant.
*Hill, Kertscher & Wharton, Peter F. Schoenthaler*, for appellee.

Conditions of the Contract for Construction."